IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KUHN CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-622-SLR |
| | ) | |
| OCEAN AND COASTAL | ) | |
| CONSULTANTS, INC. and | ) | |
| ROBERT F. WAITE, P.E., P.C., | ) | |
| | ) | |
| Defendants. | ) | |
| OCEAN AND COASTAL | ) | |
| CONSULTANTS, INC., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DIAMOND STATE PORT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**MEMORANDUM ORDER**

**WHEREAS**, defendant Ocean and Coastal Consultants, Inc. ("OCC") joined third party defendant Diamond State Port Corporation ("DSPC") on or about September 2, 2010 (D.I. 26);[1] and

**WHEREAS**, DSPC moved to dismiss the third party complaint on November 1, 2010 (D.I. 40); and

**WHEREAS**, OCC thereafter filed an amended third party complaint against

---

[1] Although an entry noting that DSPC was served with the third party complaint appears of record, the third party complaint was not docketed at that time. OCC seeks indemnification by (or contribution from) DSPC in the event of an adverse judgment.

DSPC (D.I. 42), thus mooting DSPC's motion to dismiss; and

**WHEREAS**, DSPC brought a motion to dismiss the amended third party complaint on November 23, 2010 (D.I. 43), wherein DSPC argued that the Eleventh Amendment bars OCC from asserting its claims against DSPC; and

**WHEREAS**, DSPC, in its motion to dismiss the amended third party complaint, also challenged the sufficiency of the claims brought by plaintiff against OCC (D.I. 41 at 10); and

**WHEREAS**, OCC, in its answering papers, sought to join DSPC's request for dismissal of plaintiff's claims against OCC (D.I. 45), to which plaintiff has filed a motion to strike (D.I. 47); and

**WHEREAS**, on April 26, 2011, the court rejected DSPC's argument in related litigation that DSPC is immune from suit under the Eleventh Amendment (Civ. No. 10-637, D.I. 19);[2]

**NOW, THEREFORE,** at Wilmington this 17th day of May, 2011,

**IT IS ORDERED** that:

1. DSPC's motion to dismiss the third party complaint (D.I. 40) is denied as moot.

2. DSPC's motion to dismiss the amended third party complaint (D.I. 43) is denied.

3. Plaintiff's motion to strike (D.I. 47) is granted, as the court declines to address

---

[2]In Civ. No. 10-637, plaintiff sued DSPC directly. The court determined that only plaintiff's breach of contract claim remains in that case and has ordered plaintiff to file a submission to the court, on or before May 26, 2011, demonstrating that this court retains subject matter jurisdicition over that claim. (Civ. No. 10-637, D.I. 20)

the merits of plaintiff's claims against OCC in the context of DSPC's motion to dismiss the amended third party complaint.

4. Plaintiff's motion for leave to amend its complaint against defendants OCC and Robert F. Waite, P.E., P.C. (D.I. 52) is granted, said motion not having been opposed by either defendant.

_____
United States District Judge